IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HEATH-EL, | : | |
| | : | 1:11-cv-22 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| HARRISBURG HOUSING AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**May 10, 2011**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 7), filed on April 26, 2011, which recommends that we dismiss this action pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.

On January 5, 2011, Plaintiff George Heath-El ("Plaintiff"), proceeding *pro se*, commenced this action by filing a complaint against Defendant Harrisburg Housing Authority ("Defendant").[1]  On March 28, 2011, Magistrate Judge Mannion issued an order (Doc. 5) directing the Plaintiff to file an amended

---

[1] Plaintiff was granted *in forma pauperis* status.

1

complaint by April 19, 2011 "because a review of the plaintiff's complaint indicates that he has failed to bring any federal claims against the defendant." Because the Plaintiff is proceeding *pro se* and is not an electronic filer, the March 28, 2011 order was mailed to him from the Clerk's office to the Plaintiff's designated post office box mailing address.  On April 4, 2011, the order was returned as undeliverable.  On that same day, the Clerk's Office  mailed the order to Plaintiff's street address contained in his complaint.  This mail was not returned to the Clerk's Office, therefore we assume its receipt by Plaintiff.  Plaintiff never filed an amended complaint by the April 9, 2011 or made any other attempt to contact the Court.

On April 26, 2011, Magistrate Judge Mannion issued the instant R&R recommending that the action be dismissed pursuant to Fed. R. Civ. P. 41(b).[2] That rule provides, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  It is well-settled in the Third Circuit that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions by the Court. Moreover, Courts have the inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Kenney v. Cal. Tanker*

---

[2] A copy of the R&R is attached for the convenience of the reader.

*Co.*, 381 F. 2d 775, 777 (3d Cir. 1967).  Notably, Magistrate Judge Mannion's R&R was also returned to the Clerk's Office as undeliverable.

Accordingly, because we find that the Plaintiff has abandoned this action by failing to comply with Orders of this Court, we shall adopt the R&R in its entirety dismiss this action.  The Court cannot properly control its docket, move the action forward or properly protect the rights of all parties if Plaintiff fails to comply with orders issued by this Court.  An appropriate dismissal Order shall issue.